UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23155-SCOLA/TORRES

OLIVIER ROBERT GILLIER,

    Plaintiff,

v.

SERVICIOS AGECOM, LLC,
INVERSIONES 20 20 PR, LLC,
RICHARD PEREZ, and
GEORGE BURGUILLOS,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on Oliver Robert Gillier's (Plaintiff") motion to compel against Richard Perez ("Mr. Perez") and Inversiones 2020 PR, LLC ("Inversiones") (collectively, "Defendants") to provide better discovery responses and produce relevant documents. [D.E. 77]. Defendants responded to Plaintiff's motion on December 28, 2017. [D.E. 80]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

### I.   BACKGROUND

Plaintiff filed this action on August 18, 2017 [D.E. 1] and alleges that on September 4, 2015 he entered into an agreement for a one day excursion on a boat named Victoria. During the charter, Plaintiff slipped and sustained injuries while

1

climbing to the roof of the boat. Under the terms of the applicable charter agreement, any lawsuit or claim that might arise therefrom was agreed to be brought within the state and federal courts of Puerto Rico:

> This Agreement shall be governed by and interpreted under the laws of Puerto Rico, without regard to conflict of laws provisions. If any lawsuit or claim is brought that arises out of or relates to this Agreement or charter of the Vessel, jurisdiction and venue for such suit shall be exclusively in the state or federal courts located in Puerto Rico, to the exclusion of any other jurisdiction or venue to which any lawsuit could otherwise have been brought.

[D.E. 80]. In light of the jurisdiction and venue clause, all four defendants in this case filed motions to dismiss to force Plaintiff to pursue his claims in Puerto Rico. Defendants also filed motions to dismiss for lack of personal jurisdiction because (1) this case concerns an accident that occurred in Puerto Rico – meaning Plaintiff must show that Defendants have sufficient ties to Florida to establish general jurisdiction – and (2) both Defendants are Puerto Rico citizens without any alleged ties to Florida.

On November 7 and 8, 2017, Plaintiff served his first requests for interrogatories and documents on Defendants. In a November 27, 2017 Order, Judge Scola conducted a "preliminary peak" into Defendants' motions to dismiss and found that they "reveal[] a strong likelihood" that their motions may be granted. [D.E. 60]. The Court granted a stay of general discovery and allowed for limited jurisdictional discovery to proceed only against Mr. Perez and Inversiones.

On December 8, 2017, the parties attended a discovery hearing before the undersigned and the Court issued an Amended Order on December 18, 2017. [D.E.

69]. In its Amended Order, the Court noted that a review of Defendants' written discovery responses show that they were provided in accordance with the District Judge's Order, but that Plaintiff may be entitled to some supplementation after upcoming depositions are completed. Inversiones initially offered the company's administrator for deposition, yet Plaintiff demanded that Mr. Burguillos be deposed instead. As such, the undersigned compelled Mr. Burguillos's deposition and ordered that it take place by no later than December 19, 2017. [D.E. 69]. Because Mr. Burguillos's and Mr. Perez's depositions have now been completed, Plaintiff reiterates that Defendants' discovery responses are defective and that they must be supplemented.

## II.   ANALYSIS

The thrust of Plaintiff's motion is that Defendants' responses are inadequate and that Defendants must be compelled to provide better responses and produce relevant documents. Defendants argue that Plaintiff's motion lacks any merit because Plaintiff has already received a full and complete answer to each request given the limited discovery allowed in this case. Specifically, Defendants contend that their responses are adequate because discovery is limited solely to the question of whether there is general jurisdiction to sue Defendants in this forum – i.e. whether Defendants have sufficient contacts with Florida. Defendants further explain that the depositions of Mr. Burguillos and Mr. Perez support their responses and that there is nothing in the record to suggest that anything needs supplementing. Therefore, the parties' dispute centers on the scope of the

jurisdictional discovery allowed in this case and whether Defendants are complying with their obligation to produce the requested information in relation to their ties to Florida.

First, Plaintiff argues that Defendants have not adequately responded to interrogatory no. 3 which requests that Defendants "[i]dentify all officers, members, owners or shareholders of INVERSIONES 2020 PR, LLC during the years (a) 2015 (b) 2016 and (c) 2017." [D.E. 77]. Inversiones responded that it had no Florida officers, members, owners, or shareholders during this time period. Plaintiff takes issue with Defendants' response because it purportedly allows Defendants to solely determine the question of jurisdiction. For instance, Plaintiff suggests that – given Defendants' response – Plaintiff has no way of knowing whether Defendants are being truthful or whether there might be a disagreement as to who might be considered a Florida officer, member, owner, or shareholder. As such, Plaintiff requests that Defendant produce *all* documents requested between 2015 and 2017.

Second, Plaintiff argues that Defendants failed to properly respond to request for production no. 3 which seeks "bank records for the 2 year period prior to September 1, 2017, including all bank statements, account opening and closing reports and address changes." [D.E.80]. Plaintiff takes issue with Defendants' response because it was premised solely on Defendants' interpretation of what constitutes a Florida bank. Plaintiff suggests that Defendants' banking activity is critical to determining their connections to Florida and that only the production of

all banking statements during the relevant time period will allow for both parties to adequately determine whether Defendants have any associated ties to Florida.

Third, Plaintiff contends that Defendants must supplement their response to request no. 4 which seeks all leases for office space, apartments, residences, or business operations in Florida that were entered into by Defendants or on behalf of any entity in which Defendants were a member, shareholder, owner, or officer for the 4 year period prior to September 1, 2017. Plaintiff explains that this information is critical because it may shed insight on the citizenship of Mr. Burguillos. Because Defendants have failed to provide these documents, Plaintiff concludes that Defendants must be compelled to do so.

Fourth, Plaintiff argues that Defendants have not adequately responded to request no. 13 which seeks "[a] copy of [Defendants'] [o]rganizational papers including but not limited to Certificates and/or Articles of Organization, Operating Agreements, tax returns, payroll reports, W2's, 1099's, and books and papers showing all employees, agents, and owners of the company." [D.E. 80]. Plaintiff suggests that the requested documents are significant because it would confirm whether one of the Defendants is subject to Florida's jurisdiction and whether they may be alter egos of each other. Plaintiff further contends that Defendants have used an undefined description in their response – "which relate to Florida" – that is unexplained and leaves Defendants' discovery response open to considerable doubt as to whether the requested items actually relate to Florida.

Finally, Plaintiff argues that Defendants' response to request no. 14 – which seeks "[a]dvertisements, promotions, or other documents which show the kind of business" completed in the years 2016 and 2017 – is improper because Defendants use an undefined term in refusing to produce responsive documents. If the requested documents are produced, Plaintiff believes that he will be able to determine whether businesses that are advertised in Defendants' brochures were conducting business in Florida during the relevant time period as another way of establishing general jurisdiction.

After considering all of Plaintiff's arguments to compel better responses or produce relevant documents, we find that none of the discovery requests – based on the record presented – provides a persuasive basis in support of Plaintiff's motion. In interrogatory no. 3, Plaintiff requests that Defendants identify all officers, members, owners, or shareholders between 2015 and 2017. Defendants responded that there were no Florida officers, members, owners, or shareholders during the time period requested. We accept Defendants' representation at face value because there is (1) nothing ambiguous about what constitutes an officer, member, owner, or shareholder, and (2) nothing to suggest that Defendants are lying about their organizational structure. *See Doe I v. Karadzic,* No. 93 Civ. 878, 1997 WL 45515, at *6 (S.D.N.Y. Feb. 4, 1997) (quoting *Zervos v. S.S. Sam Houston,* 79 F.R.D. 593, 595 (S.D.N.Y. 1978)); *see also Doe I v. Karadzic,* No. 93 Civ. 878, 1997 WL 45515, at *6 (S.D.N.Y. Feb. 4, 1997) (quoting *Zervos,* 79 F.R.D. at 595) ("Under ordinary circumstances, a party's good faith averment that the items sought simply do not

exist, or are not in his possession, custody or control, should resolve the issue of failure of production . . . ."). Moreover, it appears that Plaintiff did not explore this topic with Mr. Burguillos during his deposition or ask for a full list of individuals related to Inversiones. As such, we have no basis to compel a better interrogatory response and Plaintiff's motion must therefore be **DENIED**.

As for Plaintiff's motion to compel documents, Defendants' responses are adequate when juxtaposed with the deposition testimony of Mr. Perez and Mr. Burguillos. For example, in request no. 3, Defendants claimed that they had no Florida banking records from September 1, 2015 to September 1, 2017. Mr. Perez supported this position when he testified that he does not have a bank account in Florida and that he closed his Wells Fargo account when he left Florida prior to 2014. Mr. Burguillos also testified that he believed that Inversiones only had bank accounts at two financial institutions in Puerto Rico.[1] As such, Defendants' discovery response – when coupled with the deposition testimony of Mr. Perez and Mr. Burguillos – suggests that there is nothing left for Defendants to produce in response to request no. 3 and that Plaintiff's motion must therefore be **DENIED**.

The same holds true with respect to Defendants' response to request no. 4, which sought leases for office space, apartments, residences, or business in Florida.

---

[1] While Mr. Burguillos may not have been the best deponent to answer this question, Plaintiff insisted at the prior discovery hearing that he wanted Mr. Burguillos to testify as opposed to Ms. Perez. As such, Plaintiff has effectively waived any argument that Mr. Burguillos was not knowledgeable on the location of Inversiones's banking activity when Defendants explained that Ms. Perez was the most knowledgeable deponent on the company's operations.

Defendants claimed that they had no documents responsive to this request and Mr. Perez testified that he has not lived in Florida since 2014.[2] Although Plaintiff did not ask if Inversiones had any commercial or residential leases in Florida, Mr. Burguillos testified that Inversiones had been inactive during this time, thereby suggesting that the company had no leases anywhere during the relevant time period. Accordingly, the record shows that Defendants' responses to request no. 4 are complete and that Plaintiff's motion must be **DENIED**.

With respect to production request nos. 13-14, the same problems identified above are equally applicable. Defendants have adequately explained that they are not in possession of the discovery that Plaintiff seeks and the deposition testimony of Mr. Perez and Burguillos supports the same conclusion. We have no basis to compel Defendants to produce documents that Defendants claim do not exist and where deponents confirm that the responses are accurate and complete. While Plaintiff may express skepticism with the veracity of Defendants' representations, the Court has no record basis – and the Plaintiff cites none – to suggest that Defendants' responses are inaccurate or misleading other than on the basis of speculation.

In sum, Plaintiff's motion must be **DENIED** in its entirety because (1) there is nothing in the record to suggest that Defendants are misrepresenting their discovery responses, (2) the deposition testimony of Mr. Perez and Mr. Burguillos

---

[2] Plaintiff did not ask whether Mr. Perez had any lease or residential leases in Florida.

establish that Defendants are not in possession of the discovery that Plaintiff seeks, and (3) Plaintiff has not presented any evidence to the contrary.[3]

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to compel is **DENIED**.  [D.E. 77].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[3]   If it becomes known that Defendants have misled the Court in its discovery responses, Plaintiff's motion could be reconsidered and sanctions could still follow.