# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-Civ-23155-SCOLA/TORRES

OLIVIER ROBERT GILLIER,

      Plaintiff,

v.

SERVICIOS AGECOM, LLC,
INVERSIONES 20 20 PR, LLC,
RICHARD PEREZ, and
GEORGE BURGUILLOS,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION TO ENFORCE SUBPOENAS

This matter is before the Court on Oliver Robert Gillier's (Plaintiff") motion to enforce two subpoenas on Fisher Island Marina and Fisher Island Club. [D.E. 74]. Richard Perez ("Mr. Perez") and Inversiones 2020 PR, LLC ("Inversiones") (collectively, "Defendants") responded to Plaintiff's motion on December 28, 2017 [D.E. 79] to which Plaintiff replied later the same day. [D.E. 82]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff filed this action on August 18, 2017 [D.E. 1] and alleges that on September 4, 2015 he entered into an agreement for a one day excursion on a boat

1

named the Victoria. During the charter, Plaintiff slipped and sustained injuries while climbing to the roof of the boat. Under the terms of the applicable charter agreement, any lawsuit or claim that might arise therefrom was agreed to be brought within the state and federal courts of Puerto Rico:

> This Agreement shall be governed by and interpreted under the laws of Puerto Rico, without regard to conflict of laws provisions. If any lawsuit or claim is brought that arises out of or relates to this Agreement or charter of the Vessel, jurisdiction and venue for such suit shall be exclusively in the state or federal courts located in Puerto Rico, to the exclusion of any other jurisdiction or venue to which any lawsuit could otherwise have been brought.

[D.E. 80]. In light of the jurisdiction and venue clause, all four defendants in this case filed motions to dismiss to force Plaintiff to pursue his claims in Puerto Rico. Defendants also filed motions to dismiss for lack of personal jurisdiction because (1) this case concerns an accident that occurred in Puerto Rico – meaning Plaintiff must show that Defendants have sufficient ties to Florida to establish general jurisdiction – and (2) both Defendants are Puerto Rico citizens without any alleged ties to Florida.

On November 7 and 8, 2017, Plaintiff served his first requests for interrogatories and documents on Defendants. In a November 27, 2017 Order, Judge Scola conducted a "preliminary peak" into Defendants' motions to dismiss and found that they "reveal[] a strong likelihood" that their motions may be granted. [D.E. 60]. The Court granted a stay of general discovery and allowed for limited jurisdictional discovery to proceed only against Mr. Perez and Inversiones.

2

## *II.  ANALYSIS*

Plaintiff's motion seeks the enforcement of two subpoenas that were served on November 30, 2017 to Fisher Island Marina and Fisher Island Club. At a discovery hearing on December 8, 2017, Defendants requested that the Court quash the subpoenas. The undersigned stayed the enforcement of the subpoenas "with leave for Plaintiff to request the stay to be lifted as to them if the deponents deny their continuous activity with respect to the [Victoria] in the State of Florida." [D.E. 69].

Plaintiff argues that both Mr. Burguillos (who is a member of Inversiones) and Mr. Perez testified that they were unsure on where the Victoria was located in certain years, and that the subpoena directed at Fisher Island Marina and Fisher Island Club may reveal the location of the boat and its ties to Florida. Plaintiff further explains that Mr. Burguillos owned the Victoria while Mr. Perez operated excursions of the boat to generate income. As such, Plaintiff believes that the relationship of the Victoria to the State of Florida is relevant to the question of jurisdiction over Mr. Perez and Inversiones.

In response, Defendants contend that the uncontested record reveals that neither Inversiones[1] nor Mr. Perez[2] own the Victoria. Rather, Defendants claim

---

[1]  Defendants claim that Inversiones is an inactive Puerto Rico company that has never conducted business or other operations in the state of Florida. In particular the company has allegedly never had (1) assets or employees in Florida, (2) advertisements in Florida, or (3) any bank accounts.

3

that Servicios Agecome (a Florida company in which Inversiones and/or Mr. Perez have no interest) owns the Victoria and that the Court should not allow the subpoenas to be enforced because they cannot produce any relevant information with respect to the pending jurisdictional motions. Because neither Mr. Perez nor Inversiones own the Victoria, Defendants conclude that the boat's ties with Florida are irrelevant to the question of jurisdiction.

Jurisdiction comports with due process when it is consistent with the Constitution and laws of the United States. "Considerations of due process require that a non-resident defendant have certain minimum contacts[3] with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000) (citing *International Shoe v. Washington,* 326 U.S. 310, 316 (1945); *Borg–Warner Acceptance Corp. v. Lovett & Tharpe, Inc.,* 786 F.2d 1055, 1057 (11th Cir. 1996)). However, the nature and quality of these contacts ordinarily "vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp.*, 216 F.3d at 1291.

---

[2]   Defendants suggest that Mr. Perez is a resident of Puerto Rico and does not work or conduct business in Florida. He purportedly has no bank accounts in Florida or any assets aside from an unregistered car that is stored in Florida.

[3]   The reason for minimum contacts is because it ensures fairness and the expectation that "the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Generally speaking, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp.*, 216 F.3d at 1291 (citing *Madara v. Hall,* 916 F.2d 1510, 1516 n.7 (11th Cir. 1990), *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 nn.8-9 (1984)). The amount of minimum contacts required to support specific jurisdiction occurs when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

On the other hand, general personal jurisdiction "arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated." *Consol. Dev. Corp.*, 216 F.3d at 1292. "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of continuous and systematic general business contacts between the defendant and the forum state." *Id.* (citing *Borg–Warner,* 786 F.2d at 1057; *Hall,* 466 U.S. at 412–13). General personal jurisdiction occurs in "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *International Shoe,* 326 U.S. at 318. The Supreme Court has established that general jurisdiction over corporations is mostly limited to either the place of incorporation or its principal place of business. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014) ("Those [two] affiliations have the virtue

5

of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable.").[4]

To determine if there is personal jurisdiction over Defendants, "a federal court must [first] look to the long-arm statute of the state where it sits and the cases that interpret that statute." *Johns v. Taramita,* 132 F. Supp. 2d 1021, 1027 (S.D. Fla. 2001) (citing *Associated Transport Line, Inc. v. Productos Fitosanitarios Proficol El Carmen, S.A.,* 197 F.3d 1070, 1072–74 (11th Cir. 1999) (applying Florida long-arm statute to determine whether personal jurisdiction exists over defendant to suit in admiralty); *Shaffer v. Tiffany Yachts, Inc.,* 1996 WL 870734, *2 (S.D. Fla. Oct.31, 1996) (same)). In this case, the relevant long-arm statute is Florida. That means that Defendants "can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida-if the defendant engages in 'substantial and not isolated activity' in Florida, *id.* § 48.193(2)." *Tarasewicz v.*

---

[4] The Supreme Court has not held that *only* a corporation's place of incorporation or its principal place of business may suffice for general jurisdiction. But, the Court has indicated that those two places are the two most common ways of establishing general jurisdiction. *See Daimler AG*, 134 S. Ct. at 760 ("*Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums.").

*Royal Caribbean Cruises Ltd.*, 2015 WL 3970546, at *19 (S.D. Fla. June 30, 2015) (quoting *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015)).

After considering the arguments of both parties and the deposition testimony submitted in support thereof, we are persuaded that the subpoenas directed at Fisher Island Marina and Fisher Island Club could reveal relevant information on whether personal jurisdiction exists over Mr. Perez and Inversiones. For example, if Mr. Perez was operating a business of renting out the Victoria, it is certainly possible that the information provided may establish that he has substantial ties with South Florida. While Defendants believe that the information revealed will ultimately be fruitless, that is not a persuasive reason to stay a subpoena and deny Plaintiff the opportunity to determine whether personal jurisdiction might exist over Mr. Perez or Inversiones. To be clear, the Court stayed the enforcement of the subpoenas until Mr. Perez and Mr. Burguillos had an opportunity to testify in this case with the caveat that – if they denied their continuous activity with respect to the Victoria in the state of Florida – Plaintiff may have the opportunity to verify those representations. Because Mr. Perez and Mr. Burguillos have denied their involvement and ownership of the Victoria, Plaintiff's motion to enforce the subpoenas on Fisher Island Marina and Fisher Island Club is **GRANTED**.

7

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to enforce the subpoenas aimed at Fisher Island Marina and Fisher Island Club is **GRANTED**. [D.E. 74]. Fisher Island Marina and Fisher Island Club shall comply with the terms of the subpoena within fourteen (14) days from the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge