**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OLIVER ROBERT GILLIER,<br><br>Plaintiff,<br><br>v.<br><br>SERVICIOS AGECOM, LLC; INVERSIONES 2020 PR, LLC; RICHARD PEREZ AND GEORGE BURGUILLOS,<br><br>Defendants. | Civil No.: 18-1163 (DRD) |

**OPINION AND ORDER**

Pending before the Court is a *Motion for Sanctions* ("*Motion*") filed by Codefendant, Mr. Richard Pérez, pursuant to Rule 11 of the Federal Rules of Civil Procedure.[1] Codefendant Pérez moves the Court to order the imposition of sanctions upon Plaintiff and his counsel, as he believes Plaintiff has maintained this claim against him based on false allegations. See Docket No. 141 at 2. Codefendant Pérez further requested that the Court strikes Plaintiff's pleadings as to Mr. Pérez, enter judgment in favor of Mr. Pérez and award him all attorneys' fees and costs incurred in his defense in the instant action. For the reasons set forth below, Codefendant Pérez's *Motion* is hereby **DENIED**.[2]

[1] Plaintiff, opportunely, filed an *Opposition* to Codefendant Pérez's *Motion for Sanctions*. See Docket No. 142. Moreover, after the appropriate request for leave, Codefendant Perez filed a *Reply* to Plaintiff's *Opposition*. See Docket No. 145.

[2] Sister courts have determined that a request for sanctions under Rule 11 is not a proper substitute for summary judgment request. See, for example, *Gelfman Int'l Enterprises v. Miami Sun Int'l Corp.*, 2009 WL 2957849, at *4 (E.D.N.Y. Sept. 10, 2009); Safe-*Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003). Moreover, the Court notes that the First Circuit has stressed that a dismissal with prejudice is a "sanction reserved for cases of 'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance.'" *Benitez-Garcia v. Gonzalez-Vega*, 468 F.3d 1, 4 (1st Cir. 2006) (quoting *Cosme Nieves v. Deshler*, 296 F.3d 43, 46 (1st Cir. 2002); *Malot v. Dorado Beach Cottages Assocs.*, 478 F.3d 40, 43 (1st Cir. 2007).

## I. <u>BACKGROUND & PROCEDURAL HISTORY</u>

The present case was commenced with the filing of a *Complaint* before the United States District Court for the Southern District of Florida ("Southern District Court"). See Docket No. 1.[3] Plaintiff seeks to recover damages from Servicios Agecom, LLC, George Burguillos, Inversiones 20 20 PR, LLC, and Richard Perez (jointly referred to as, "Defendants") for the alleged injuries he claims to have sustained after suffering a fall accident while aboard a charter vessel in the waters of Puerto Rico. The present action was eventually transferred to this Court after the Southern District Court granted Defendants' *Motion to Dismiss or Transfer*. See Docket No. 95.

After the case was transferred, the proceedings have continued its due course. However, on July 30, 2019, Codefendant Pérez filed the instant *Motion for Sanctions*. Essentially, Codefendant Pérez argues that Plaintiff's *Amended Complaint* contained factual contentions that have no evidentiary support. Particularly, Codefendant Pérez suggests that his inclusion in this case "is based on the allegation that 'at all times relevant hereto [he] was the captain of the [yacht] Victoria' on the date of the alleged incident that gave rise to the Complaint". Docket No. 141 at 1-2. Nonetheless, he contends that, because of the information obtained by the parties through discovery, Plaintiff and his counsel knew that Codefendant Pérez was not "the captain in of the *Victoria* on the day in question". Id. at 2. Furthermore, Codefendant Pérez highlights that Plaintiff admitted to this fact because in its *Initial Scheduling Conference Memorandum* he included as a "proposed uncontested fact" that "Willie Morales […] was the captain of the Victoria and had control of the vessel". Docket No. 133 at 5. In light of the above, Codefendant Pérez states that "Plaintiff has refused to amend the Complaint in order to eliminate the evidently frivolous allegation and claim against Mr. Pérez". Docket No. 141 at 7. Codefendant Pérez requests the

[3] Plaintiff later filed an *Amended Complaint*. See Docket No. 10.

Court to: (1) enter sanctions under Rule 11 against the Plaintiff and his counsel; (2) order the strike the Plaintiff's pleadings as to Mr. Pérez; (3) enter judgment in favor of Mr. Pérez; and (4) award Mr. Pérez all his attorneys' fees and costs incurred in defending against this action.

Opportunely, Plaintiff filed his corresponding *Opposition* in which he alleges that, because the discovery is still ongoing, the allegations asserted against Codefendant Pérez are still "not totally clear". Docket No. 142 at 2. On the other hand, Plaintiff asserts that even if Codefendant Pérez's arguments hold water, other allegations pleaded against him are not void. Furthermore, Plaintiff avers that Codefendant Pérez is grounding his reasoning on information discovered during a limited jurisdictional discovery and that the Court stated that it would not consider it at this stage of the proceedings. Plaintiff concluded that Codefendant Pérez's *Motion for Sanctions* "is merely an attempt to seek disposition on the merits of this case via Rule 11. Yet, a Rule 11 motion is not an avenue to seek judgment on the merits of a case". Docket No. 142 at 4. Finally, Codefendant Pérez filed a *Reply* in which he raised various arguments to counter Plaintiff's contention and restated his requests.

## II. APPLICABLE LAW AND DISCUSSION

Rule 11(b) provides that:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

Under Rule 11 (b) "the attorney's or unrepresented party's signature on a paper presented to the district court is a certification that the signer has concluded, after an inquiry that is reasonable under the circumstances into both the facts and the law, that to the best of his or her knowledge, information, and belief there is support for the contentions in the document, both in terms of what the law is or should be and in terms of the evidentiary support for the allegations, and that he or she is acting without and improper motivation". Wright, Miller & Spence, *Federal Practice and Procedure-Rules of Civil Procedure* 5A at 383 (2018). The Supreme Court has held that it is "clear that the central purpose of Rule 11 is to deter baseless filings in the District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990). "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated." Id. at 396.

Further, the Court deems important to note that, "[d]istrict courts have broad discretion in imposing and fashioning Rule 11 sanctions." *Mariani v. Doctors Associates, Inc.*, 983 F.2d 5 (1st Cir. 1993). "Decisions as to whether sanctions should be imposed, and if so, what form they should take, often require intensive inquiry into the circumstances surrounding an alleged violation." Id. at 7 (quoting *Anderson v. Beatrice Foods Co.*, 900 F.2d 388 (1st Cir.) *cert. denied,* 498 U.S. 891).

Codefendant Pérez's essential contention hinges on the argument that he was not the captain of the vessel in which Plaintiff sustained the damages alleged in the *Amended Complaint*. To that end, Codefendant Pérez argues that, during the limited discovery afforded by the Southern District to the parties, Plaintiff and his counsel learned that he was not the captain of the Victoria at the date of the alleged damages. Furthermore, Codefendant Pérez alleges that Plaintiff and his counsel recognized this "fact" by stating in their *Initial Scheduling Conference Memorandum* as a "proposed uncontested fact" that "Willie Morales [...] was the captain of the Victoria and had control of the vessel". Docket No. 133 at 5.

The Court may certainly impose sanctions under Rule 11 if Plaintiff fails to adequately research the factual basis for the claims and refrains from pursuing meritless claims. See, for example, *Merrit v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 629 (6th Cir. 2010)[4]; Wright, Miller & Spence, *Federal Practice and Procedure-Rules of Civil Procedure*, T. 54 § 1335 (2018) at 391-392 ("That said, sanctions have been deemed appropriate when a party has continued to litigate a matter after the frivolousness of the position became clear"). Moreover, and specifically related to Codefendant Pérez's arguments, the Court may impose sanctions if the Plaintiff notices that one of the defendants is not a proper party and, despite a good faith request for voluntary dismissal, decides to keep him in the case. See *Dearborn Street Bldg. Assocs., LLC v. Huntington Nat'l Bank*, 411 Fed. Appx. 847 (6th Cir. 2011); *McGouh v. Wells Fargo Bank*, N.A. 2012 WL 6019108 (N.D. Cal. 2012).

However, Plaintiff states in his *Opposition* that the allegations pertaining to whether Codefendant Pérez was the captain of the vessel in question, are not the only allegations that were

[4] See, also, *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 758 (1st Cir. 1988) ("Thus, while we acknowledge the mandatory language of Rule 11, we cannot escape the fact that at its core imposition of sanctions is 'a judgment call'"); *FDIC v. Tekfen Const. and Installation Co., Inc.* 847 F.2d 440, 443 (7th Cir.1988).

raised against him. See Docket No. 142 at 2. Although Plaintiff did not reference any specific allegations in his *Opposition*, the Court notes that the *Amended Complaint* does include additional allegations, some specific to Codefendant Pérez and others in which Codefendant Pérez is inevitably joined with the other Defendants.[5] See, for example, Docket No. 10 ¶ 8 ("PEREZ is an agent of CHARTERS"), 38 ("PEREZ is and was the owner and operator of the website charterspuertorico.com, a promotional website for CHARTERS"), 44-48.

The Court stresses that "Rule 11(b) proscribes not only written arguments made with 'any improper purpose,' but also advancing 'frivolous' arguments, as well as the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *Citibank Glob. Markets, Inc. v. Rodriguez Santana*, 573 F.3d 17, 32 (1st Cir. 2009). See, also, *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005). With these standards in mind, considering that there are additional plausible allegations in the *Amended Complaint* that include Codefendant Pérez and potentially link him to the final disposition of the case, and that discovery as to these and other matters is still ongoing, it is objectively reasonable that Plaintiff and his counsel have not moved for voluntary dismissal with regards to Codefendant Pérez. See *Bolivar v. Pocklington*, 975 F.2d 28, 32 (1st Cir. 1992) ("Rule 11 contemplates a judicial assessment of the objective reasonableness of the signatory's inquiry into law and facts" (referencing *Lancellotti v. Fay*, 909 F.2d 15, 17–19 (1st Cir.1990))). Hence, the Court finds that Plaintiff and his counsel have not acted in an improper or frivolous manner. Then again, "[t]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition or Rule 11 sanctions."

[5] See *Eldridge v. Gordon Bros. Grp., L.L.C.*, 863 F.3d 66, 88 (1st Cir. 2017) ("Though we hold filers 'to standards of due diligence and objective reasonableness,' we do not require 'perfect research or utter prescience'" (citing *Me. Audubon Soc'y v. Purslow*, 907 F.2d 265, 268 (1st Cir. 1990))).

Id. at 32 (citing *Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P.*, 171 F.3d 52, 58 (1st Cir. 1999)). Thus, the imposition of sanctions under Rule 11 is not warranted.

## III. CONCLUSION

As per the *Scheduling Order* entered by the Court, the parties are currently engaged in discovery until March 31, 2020. See Docket No. 134. Now is the appropriate time for the Plaintiff to determine what allegations included in the *Amended Complaint* are properly supported by fact and should be pursued throughout the remainder of the case.[6] This is equally true for Defendant's defenses.

To that end, the Court reminds the parties that "[t]olerance of factual contentions in the initial pleadings by plaintiffs or defendants when specifically so identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to join parties, make claims, or present defenses without any factual basis or justification. **Moreover, if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention**". Advisory Committee Note to the 1993 amendment to Rule 11, reprinted in 146 FRD 401 (emphasis provided). See, also, Wright, Miller & Spence, *Federal Practice* 5A at 396. Taking said principles as guide, as the discovery nears conclusion, the Court encourages the parties to make a critical -and honest- analysis of their claims and defenses in order to resolve all unnecessary issues during the following stages of the proceedings before trial.[7]

[6] Pursuant to Claimant's allegations, Codefendant Perez may have an interest in the accident according to his alleged connection to the operation of an internet promotional website for the vessel and its activities. Said connection may or may not create liability as to Codefendant Perez, aside from not being the vessels' captain.

[7] Furthermore, pursuant to the *Scheduling Order*, after discovering all the necessary information during the discovery period, Codefendant Pérez -and all the other parties- has until to May 31, 2020 to file the dispositive motions he deems fit. If Codefendant Pérez believes that, on the merits, he should not be a party to this case, he should state it through the proper channels. The Docket reveals that Codefendant Pérez is perfectly aware of this, as per the *Defendant's*

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this February 18, 2020.

**/s/ DANIEL R. DOMÍNGUEZ**

DANIEL R. DOMÍNGUEZ
U.S. District Judge

*Initial Scheduling Report*, "Mr. Perez intends to move this Court for summary judgment dismissing the case as to him". See Docket No. 131 at 2.